**MEANS et al. v. TWENTIETH CENTURY-FOX FILM CORP. et al.**

**No. 7525.**

United States District Court
W. D. Missouri, W. D.

Sept. 24, 1952.

William G. Boatright, Kansas City, Mo., for plaintiffs.

Byron Spencer (of Spencer, Fane, Britt & Browne), Kansas City, Mo., for defendants Twentieth Century Fox, and Fox Midwest Theatres.

J. C. Wilson and Watson, Ess, Whittaker, Marshall & Enggas, Spencer, Fane, Britt & Browne, Kansas City, Mo., for Loews Inc., Paramount Film Distributing Corp., RKO Pictures-Warner Bros. Pictures Distributing Corp., United Artists Corp., Universal Film Exchanges, Inc. and Columbia Pictures Corp.

REEVES, Chief Judge.

Heretofore a ruling was made on the motion, D.C., 105 F.Supp. 482, to dismiss but it was premature. Counsel had obtained permission to file a responsive brief and the decision was rendered before the court received such response. Thereupon counsel for defendants filed a motion to set aside the order denying defendants' motion to dismiss and to give further consideration to said motion. This has been done save only that the order has not been set aside. Such an order would be proper in the event it appeared that the court was in error.

A re-examination of the pleadings and the new brief does not convince that the order overruling the motion to dismiss was error. The motion to dismiss raises the sole question of the illegality of the settlement agreement between the plaintiffs and the defendants.

Rule 8(c), Federal Rules of Civil Procedure, 28 U.S.C.A., specifically provides that:

> "In pleading to a preceding pleading, a party shall set forth affirmatively * * *, illegality * * * and any other matter constituting an avoidance or affirmative defense."

Unquestionably the Committee, as well as the Court, and the Congress, in preparing, approving and legalizing the procedural rules deemed it improper to dismiss actions, such as this, on motion. While it has been done in some cases, yet the courts have very reluctantly upheld the filing of motions to dismiss in cases of this kind. The same reasons for the promulgation of the rule

obtain when motions of this kind are submitted.

It may be, in the light of the evidence submitted, that the construction of the contract as made by mutual agreement of the parties would not bring it within the ban of illegality. Moreover, as stated in the memorandum heretofore filed, portions of the contract may be illegal and other portions legal.

All of these questions can be worked out and determined in the trial of the case. This ruling does not deprive the defendants of interposing the affirmative defense of illegality.

It would follow that the ruling heretofore made should not be disturbed and the defendants will be extended time, upon application, in which to answer or plead further. The motion to set aside order denying defendants' motions to dismiss and for reconsideration of said motions will, therefore, be overruled.